IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT CHARLES SHELTON,<br><br>    Defendant. | **4:20CR3053**<br><br>**ORDER** |

  Defendant has moved for release with conditions, proposing release to return to 1964 Las Palmas Lane Apt 243 Laughlin, NV 89029-1232 or, in the alternative, release to the custody and supervision of a third-party custodian. (Filing No. 20). For the reasons discussed below, the motion will be denied without a hearing.

  There is probable cause to believe the defendant committed a felony involving a minor, specifically transportation and possession of child pornography with a prior sex offense. As such, there is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community.

  Further, based on the filings of record, the defendant has a criminal history of violating the law and court orders. He is currently the subject of an active felony warrant from the State of Washington for failure to register as a sex offender and for failing to appear in violation of a previously set bond. He was also convicted in Nevada in 2018 for failure to register.

Defendant has a history of harming or threatening harm to others: The basis of his underlying 1999 felony conviction is sexual abuse of his six-year-old daughter. He was also arrested for sexual abuse and domestic abuse in 2000.

Defendant has limited contacts with either Nebraska or Las Vegas, Nevada. While he owns a residence in Nevada, he was unable to provide any third-party contacts to verify the information he provided to pretrial services. He could not provide a phone number for his sister and when Nevada's pretrial services office was unable to find and contact the sister, Defendant could provide no other collateral contacts, explaining he has "no friends" and "no one to call."

Based on this information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

I have considered proposed release conditions, including those set forth in Defendant's motion. Release to return to live in his residence in Las Vegas is not an option. Even with electronic monitoring, Nevada pretrial services would not be able to sufficiently supervise this defendant due to his lack of collateral community contacts, history of moving to other locations, failure to register as required by law, failure to appear, and inappropriate sexual conduct with children.

In response to Defendant's motion, the court directed pretrial services to investigate the proposed third-party custodian, an attorney from Grand Island, Nebraska. The court has no concern that the attorney would not comply with the court's orders regarding supervision of Defendant's conduct and whereabouts. But the attorney stated the defendant would reside in an apartment, not with the

attorney, and the attorney would contact the defendant as needed. Given Defendant's history, this level of supervision is insufficient.

Finally, the defendant still has an active felony warrant out of Washington for failure to register which was issued on October 13, 2014. While the warrant is extradictable only from states adjacent to Washington, I am not inclined to release a fugitive from justice.

Upon consideration of the conditions proposed in Defendant's motion, (Filing No. 20), along with conditions which would restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions, the court finds the conditions of release proposed or available (see 18 U.S.C. § 3142(c)) will not overcome the presumption of detention and/or sufficiently ameliorate the risks posed if the defendant is released.

Accordingly,

IT IS ORDERED that Defendant's motion for release on conditions, (Filing No. 20), is denied without a hearing.

Dated this 13th day of August, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge